UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELANO PETTWAY,

                    Plaintiff,                                Case Number 12-11040

v.                                                Honorable David M. Lawson

THUMB CORRECTIONAL FACILITY
HEALTH CARE, PRISON HEALTH
SERVICES, HARRIETT SQUIER,
ADAM EDELMAN, and CORRECTIONAL
MEDICAL SERVICES,

                    Defendants.

_____/

## OPINION AND ORDER WITHDRAWING REFERENCE TO THE MAGISTRATE JUDGE, DISMISSING PARTIES, AND REQUIRING PLAINTIFF TO PROVIDE ADDRESSES FOR SERVICE

Plaintiff Delano Pettway currently resides at the State of Michigan's Thumb Correctional Facility in Lapeer, Michigan. He has filed this lawsuit under 42 U.S.C. § 1983 against several healthcare contractors to the prison and two of their employees, alleging that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Pettway has asked for and has been granted leave to proceed without the prepayment of fees. The Court has screened the complaint in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and concludes that the claims against the organizational defendants must be dismissed, because the plaintiff has failed to allege a valid cause of action against them. The Court also notes that the plaintiff has not provided addresses for the individual defendants who will remain in the case and therefore will order the plaintiff to promptly provide the Court with address information for those parties.

I.

Pettway has sued Thumb Correctional Facility Health Care, Prison Health Services (PHS), Correctional Medical Services (CMS), as well as Dr. Harriett Squier and Dr. Adam Edelman, employees of PHS, for alleged denial of needed medical treatment. Pettway injured his hand on November 12, 2010. He was examined by emergency room physicians who prescribed him a splint to wear until the swelling on the hand subsided, to be followed by an orthopedic examination and a cast. Pettway asserts that defendant Squier denied permission for him to attend the orthopedic follow up on November 18, 2010. Pettway sent a medical kite on November 28, 2010, informing the defendants that the swelling in his hand had subsided and the splint no longer fit. X-rays taken in early December revealed displacement of Pettway's ring finger. On December 10, 2010, he was seen by an orthopedic specialist, Dr. Saqqa, who prescribed hand exercises and a followup visit. Dr. Saqqa also discarded the splint. Pettway's request for a follow up visit to Dr. Saqqa was denied by Edelman in an email dated January 4, 2011. Pettway claims that the denial of timely access to an orthopedic specialist has left him with disfigured and painfully immobile fingers. He asserts that his fingers will have to be broken again and reset in a cast in order for them to properly heal.

II.

When a plaintiff asks the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition the Prison Litigation Reform Act mandates that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court *shall*

review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." (emphasis added)).  A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28).

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such complaints still must plead facts sufficient to show a redressable legal wrong has been committed.  Fed. R. Civ. P. 12(b)(6); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).  "The leniency granted to *pro se* [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d. 710, 714 (6th Cir. 2004).  The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*,

-3-

555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).  The state's failure to provide necessary medical care to prisoners can establish a cause of action under section 1983.  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1986).  The parties do not dispute that the defendants were acting under color of law.  It is well settled that a private physician under contract to provide medical services to jail inmates acts under color of law and is subject to suit under section 1983.  *See Harrison v. Ash*, 539 F.3d 510, 521 (6th Cir. 2008) (citing *West v. Atkins*, 487 U.S. 42 (1988)).

The medical provider organizations named as defendants cannot be held liable under 42 U.S.C. § 1983 merely for the acts of their employees.  *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 403 (6th Cir. 2010).  A constitutional claim against a municipality or organizational defendant under section 1983 must be based on the organization's own conduct, meaning that it must spring from its official policies, customs or practices.  *Monell*, 436 U.S. at 691.  The plaintiff must show that his harm resulted from an organization's policies, customs, or practices in order to establish supervisory liability of an organization that provides contract medical services to a state prison. *Starcher v. Correctional Medical Services, Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (civil rights liability of contract provider of medical services to prisons cannot be premised on *respondeat superior*).

Pettway does not allege that defendants Squier or Edelman denied him the medical follow up treatment that he asserts he needed as a result of any policy, custom, or practice imposed by their employer, PHS, or by either of the other organizational defendants.  Rather, he simply asserts that on the specified dates, the individual doctors that he sued denied his requests and thus prevented him

from receiving medical care needed for proper healing of his fingers.  While his complaint sufficiently alleges claims for deliberate indifference against the individual doctors, he cannot prevail against any of the organizations where he has not alleged that any organizational policy or practice was the moving force behind the harm he suffered.

III.

Pettway has failed to state a claim upon which relief may be granted against defendants Thumb Correctional Facility Health Care, Prison Health Services and Correctional Medical Services under 42 U.S.C. § 1983, and the claims against those defendants must be dismissed.

Pettway has pleaded a facially valid claim against Squier and Edelman, and those claims are not subject to dismissal upon the Court's inital review.  However, the plaintiff has not provided the Court with the address of these defendants.  An inmate who files a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving a summons and copy of the complaint. *Felicano v. DuBois*, 846 F. Supp. 1033, 1048 (D. Mass. 1994).  When a plaintiff proceeds *in forma pauperis*, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal, who must effect service upon the defendants once the plaintiff has properly identified them in the complaint. *Williams v. McLemore*, 10 F. App'x 241, 243 (6th Cir. 2001); Fed. R. Civ. P. 4(c); 28 U.S.C. § 1915(d).  The Court therefore will order the plaintiff to provide addresses for defendants Edelman and Squiers so that the United States Marshal may serve those defendants.

Accordingly, it is **ORDERED** that the referral of the case to Magistrate Judge Mark A. Randon for general case management is **VACATED**.

-5-

It is further **ORDERED** that all claims against defendants Thumb Correctional Facility Health Care, Prison Health Services, and Correctional Medical Services are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the plaintiff must provide the Court with current addresses for defendants Harriett Squier and Adam Edelman, **on or before March 14, 2013**. If the plaintiff fails to provide addresses at which these defendants may be served by that date, then his complaint will be dismissed without prejudice.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   February 12, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 14, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL